## McNeal v. Smith.

(Decided February 1, 1921.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Trusts—Deed Will Support Conveyance.—A deed of trust which empowers the trustee to convey or mortgage the real estate upon the written request of the life tenant named therein and which deed specifically relieves the purchaser or mortgagee from the necessity of looking to the application of the purchase money will support a conveyance of the said real estate by the trustee in satisfaction of a mortgage debt equal to the fair cash value of the land.

2. Judgment—Collateral Attack—Infants.—A judgment which is obtained upon process improperly served on infants but in which action they were represented, can be successfully attacked only in a direct proceeding and not collaterally.

OSCAR BADER and POPE NICHOLAS for appellant.

HUGH B. FLEECE and R. W. HUNN for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This appeal involves the construction of the terms of a deed of trust made by Fannie L. Slaughter of Louisville to the Fidelity Trust Company, now Fidelity and Columbia Trust Company, as trustee for Virginia Guthrie, life tenant, and her unnamed children as remaindermen.

The habendum clause of the trust deed says:

"To have and to hold the same unto the said Fidelity Trust Company in trust for Virginia Guthrie for the term of her natural life, with remainder in fee to the children of said Virginia Guthrie, with full power in said trustee to sell and convey said real estate upon the written request of said Virginia Guthrie, for reinvestment of the proceeds thereof in other real estate, or in such other securities as trustees are authorized by law to invest in, such reinvestment to be upon the same trusts and limitations as herein set out, and with power to mortgage the same upon the written request of said Virginia Guthrie for the purpose of securing funds with which to improve said real estate, and no purchaser or mortgagee shall be required to see to the application of the proceeds of such sale or mortgage."

The trust company, as trustee, on the written request of Virginia Guthrie, in 1908, mortgaged the property conveyed by the deed of trust for an amount equal to its fair cash value. This indebtedness was evidenced by five serial notes bearing interest. These notes were not paid when due and the mortgagee commenced legal proceedings to enforce its lien on the trust property, which was done and a sale had.

In conformity to the judgment of the court ordering the sale and the report of sale of the master commissioner, a deed was made to the purchaser. In the proceeding in equity to enforce the mortgage lien the two infant children of Virginia Guthrie, who are designated in the trust deed as remaindermen, were made parties defendant and process issued against them, but it was not served on the father, who was living, but was served on the mother. To cure and make good this irregularity in the service of the process of the infants, the mother, Virginia Guthrie, made a request in writing of the trust company, trustee, to convey the property adjudged sold and which had been conveyed by the master commissioner, to the purchaser, and in compliance with this request the trust company did convey the property to the same person to whom the commissioner of the court had conveyed it. The purchaser thereupon took and paid for the property, and later conveyed it to appellee, Noah Smith, who on July 28th, 1919, entered into a written contract with appellant, Chas. McNeal, to sell it to him at the price of $5,500.00. Smith agreed to make to McNeal a good title and give him a general warranty deed. When the title was examined McNeal refused to accept the deed of Noah Smith and pay for the property because the process was not properly served on the infants, and this suit was brought by Smith against him for specific performance of the contract.

The circuit court adjudged the title good, and Smith entitled to specific performance of the contract. McNeal appeals to this court insisting upon a reversal of the judgment against him, for the reason, as he claims, the title to the property is imperfect; the specific defect being the want of process on the infant defendants, who are named remaindermen in the trust deed.

With the petition the appellee Smith filed the deeds representing the mesne conveyances from Fannie L.

Slaughter to him, thus exhibiting his chain of title back to a source which is not questioned.

The judgment of the Jefferson circuit court under which the mortgage lien was enforced and the sale of property in question had was and is not void, and therefore cannot be collaterally attacked or called in question. Merely filing a demurrer to the petition in this case did not amount to a direct attack upon the judgment in that proceeding, and we are not prepared to say that a direct attack on the judgment would in any wise affect the title of the purchaser of the property.

Aside from this the trustee under and by virtue of the trust deed had full power and authority, on the written request of Virginia Guthrie, to either sell or mortgage the entire property or any part thereof, and the purchaser or mortgagee was not required to look to the application of the proceeds. This was a broad power and was exercised by the trustee, when it, at the written request of Virginia Guthrie, mortgaged the property, and later deeded it upon a similar request, to the purchaser at the decretal sale. A general power to sell and convey real property necessarily carries with it the power to sell and convey the same property in satisfaction of a mortgage debt.

We are therefore of the opinion that the circuit court correctly overruled the demurrer of defendant and adjudged appellee, Noah Smith, the holder of a perfect title to the real property described in the petition, and the judgment is affirmed.